UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81116-CIV-MIDDLEBROOKS/BRANNON

CAROLE A. LITTLE,

    Plaintiff,

vs.

ASSET ACCEPTANCE, LLC,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW** Plaintiff, CAROLE A. LITTLE (hereinafter "Plaintiff"), by and through her undersigned counsel, and files this Response to Defendant's Motion to Dismiss Plaintiff's Complaint and in support of same states as follows:

### I. Background

1. On or about September 5, 2012, pro se Plaintiff filed her Complaint in Palm Beach County Small Claims Court alleging a violation of the Fair Credit Reporting Act (the "Act") by the Defendant, ASSET ACCEPTANCE, LLC (hereinafter "Defendant").

2. Specifically, Plaintiff alleges that in November of 2008, Defendant gained access to Plaintiff's credit information without a permissible purpose, triggering a $1,000.00 damage claim pursuant to the Act.

3. Plaintiff alleges that she was only made aware of Defendant's action on July 13, 2012, when her attorney in another case provided her with a copy of her credit report, which evidenced the prohibited access to Plaintiff's credit information; however, the date stamp on the printed credit report states November 18, 2008.

4. The basis for Defendant's Motion is that the two-year statute of limitations from the

discovery of the violation is applicable; arguing that notice to Plaintiff's attorney (back in November, 2008 when the attorney obtained the credit report, however did not share same with the client) constitutes notice to Plaintiff.

5. Defendant also argues that the credit information sought was a permissible purpose for the collection of a debt.

6. Both arguments fail as more specifically detailed below.

## II. Attorney Agency from an Unrelated Matter does not Impute Client Notice

7. The statute of limitations provided by 15 U.S.C § 1681p states:

An action to enforce any liability under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier-

(1) 2 years after the date of discovery of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

8. Pursuant to Plaintiff's allegations, neither scenario would toll the statute of limitations in this claim.

9. However, Defendant argues that since Plaintiff's attorney obtained the credit report on or about November 18, 2008 in an unrelated matter, that such action started the two-year limitation to toll pursuant to 15 U.S.C § 1681p (1), as notice to the attorney is deemed notice to the client. Therefore, according to Defendant, the statute of limitations tolled on this action on November 18, 2010.

10. Defendant's position is flawed, as all of the cases cited by Defendant provide that notice to the attorney constitutes notice to the client only in situations where the notice is formal in nature, such as pleadings and papers filed in a legal or administrative action, and further, that notice

extends only to the matter being litigated or administratively reviewed.

11. Defendant cites *Woodward v. Florida State University*, 518 So.2d 336 (Fla. App. 1 Dist., 1987) to support its assertion. This case concludes that notice to the attorney is deemed notice to the client, based upon the fact that Fla. Admin. Code 28-5.111 and Fla. R. Civ. P. 1.080(b) requires service on the attorney in an administrative proceeding or litigation as it relates to pleadings and papers filed in a particular proceeding. It does not extend to miscellaneous print-outs of information from a web site obtained in other unrelated matters.

12. In fact, one of the cases cited by Defendant states the notice issue clearly:

> In general, when an agent is employed to represent a principal **with respect to a given matter** and acquires knowledge material to that representation, for purposes of assessing the principal's rights and liabilities vis-a-vis a third person the agent's knowledge is imputed to the principal. Emphasis added. *Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. N.Y. 1994).

In this matter, the attorney who obtained the credit report (who is not the undersigned) was not employed to pursue this matter and further, although the credit report was not material to the matter at that time, such a question becomes a question of fact outside the scope of a motion to dismiss.

13. All of the cases cited in Defendant's Motion are similar in that they all impute notice to the client from notice to their attorney based upon a the same formal proceeding in which the notice applied and not in situations which are removed from each other and the document is one that is not filed and/or served.

14. Defendant's rational is improperly applying a well established principle in this matter.

15. Accordingly, Plaintiff did not have notice of the unauthorized credit access until she was provided a copy of her credit report on July 13, 2012, which does not cause the statute of limitations to toll. Therefore, Defendant's Motion must be denied.

### III. Defendant does not have a Debt to collect from Plaintiff

16.     Defendant's second argument for the dismissal of Plaintiff's Complaint is that Defendant was attempting to collect a debt from Plaintiff and therefore, Defendant's access to Plaintiff's credit information was considered a permissible purpose under the Act.

17.     Defendant's argument would be persuasive if it actually had in its possession a debt to collect against Plaintiff.

18.     Composite Exhibit "B" to Plaintiff's Complaint contains a letter from Defendant dated July 25, 2012, which identifies the alleged debt owed to Defendant. The lette identifies a Citibank account and the last 4 digits of the debtor.

19.     Plaintiff has never had a Citibank account with the account number identified in the letter and further, the last 4 digits of the social security number provided by Defendant are not the last 4 digits of Plaintiff's social security number.

20.     Accordingly, Defendant does not have a debt owed to it by Plaintiff and therefore, Defendant has *never* had a permissible purpose under the Act to access Plaintiff's credit information.

21.     In light of the aforementioned, Defendant's Motion to Dismiss Plaintiff's Complaint must be denied as a matter of law.

Respectfully submitted on this 21st day of December, 2012.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by CM/ECF Electronic Filing to all parties of record on this 21st day of December, 2012.

        OSTRZENSKI & STRICKLIN, P.A.
        *Attorneys for Plaintiff*
        4755 Technology Way, Suite 204
        Boca Raton, Florida 33431
        Telephone:  (561) 910-7521
        Facsimile:  (561) 910-7538

By: *Bartosz A. Ostrzenski*
      Bartosz A. Ostrzenski, Esq.
      Florida Bar No. 597600
      Bart@oslawyers.com