UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81116-CIV-MIDDLEBROOKS/BRANNON

CAROLE A. LITTLE,

    Plaintiff,
vs.

ASSET ACCEPTANCE, LLC,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (DE 3) ("Motion"), filed October 12, 2012. Plaintiff, who initiated this action *pro se*, filed a Response (DE 16) on December 21, 2012, after obtaining counsel. Defendant filed a Reply (DE 20) on March 22, 2013. I have reviewed the matter and I am otherwise fully advised in the premises.

**I.    Background**

Plaintiff Carole A. Little ("Plaintiff") filed her original *pro se* Complaint (DE 1-1) in County Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, on September 5, 2012, pursuant to the Fair Credit Reporting Act ("FCRA" or the "Act"), 15 U.S.C. § 1681, *et seq.*, which governs the use and dissemination of consumer credit information. On October 12, 2012, Defendant Asset Acceptance, LLC ("Defendant") removed the action to this Court, which has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331.

As alleged in the Complaint, "[o]n or about July 13, 2012, Plaintiff received from Plaintiff's Counsel in another matter and Plaintiff was able to review for the first time Plaintiff's credit report

1

as maintained by Experian." (DE 1-1 at ¶ 6). Plaintiff attached to the Complaint the credit report that was allegedly provided to her attorney. (*See id.* at 13-14). This credit report is dated August 4, 2010 (both in the heading of the document and the bottom-right corner of each page), and demonstrates that Defendant accessed Plaintiff's credit report on November 18, 2008. (*Id.*). According to Plaintiff, Defendant had no permission to access her credit report, Plaintiff never applied to Defendant for credit, and Plaintiff does not maintain an account of any type with Defendant. (*Id.* at ¶¶ 7, 11-12).

Additionally, Plaintiff attached to her Complaint several letters between Plaintiff and Defendant written prior to filing suit. The first letter, dated July 11, 2012, is a letter from Plaintiff to Defendant notifying Defendant of the alleged FCRA violation. (DE 1-1 at 5). In a response letter dated July 25, 2012, Defendant acknowledges Plaintiff's original letter and notes that Defendant purchased a delinquent CitiBank account, which Defendant apparently believed was owned by Plaintiff. (*Id.* at 7). Therefore, Defendant's letter says, its credit inquiry was permissible and in accordance with the law. In another letter dated the same day, Defendant notifies Plaintiff that they purchased the CitiBank account on March 5, 2002, and the account was associated with Carole A. Little. Defendant provided the social security number associated with the account, but Plaintiff redacted the number when filing the documents. (*Id.* at 8). Plaintiff responded on July 31, 2012, denying ownership of or association with the CitiBank account. (*Id.* at 9).

Upon filing its Notice of Removal, Defendant filed a Motion to Dismiss (DE 3) the State court Complaint. On November 1, 2012, the Court ordered Plaintiff to show cause why the Motion should not be granted by default, as Plaintiff had not responded by the response deadline. Plaintiff responded with only a letter to the Court. However, Plaintiff subsequently retained an attorney to

represent her in these proceedings. On December 28, 2012, Plaintiff, through counsel, filed an untimely Response to the instant Motion, to which Defendant objected. The Court accepted Plaintiff's Response as timely, and allowed Defendant an opportunity to reply.

A.     *The Motion to Dismiss*

In the Motion to Dismiss, Defendant makes several arguments in favor of dismissal. First, Defendants argue that the Complaint is barred by the FCRA's two-year statute of limitations because the two-year period of limitations began to run when her attorney received the credit report on August 4, 2010, and she waited more than two years from that date to file suit.

Second, even if receipt by Plaintiff's attorney is not deemed receipt by her, the suit is time-barred due to her constructive discovery, since, through ordinary diligence, she could have discovered the alleged cause of action within two years of its accrual.

Last, Defendant argues that it had a permissible purpose to access Plaintiff's credit history. Specifically, Defendant claims that it accessed her credit history in an attempt to collect a debt owed by Plaintiff.

B.     *The Response*

In her Response, Plaintiff argues against Defendant's constructive or imputed knowledge rationale by distinguishing the cases cited by Defendant. Plaintiff also maintains her position that she did not have notice of the allegedly unauthorized credit access until she was provided a copy of her credit report on July 13, 2012.

With regard to Defendant's argument that it had a permissible purpose to access Plaintiff's credit history, Plaintiff argues that because she never had a CitiBank account with the account number listed by Defendant and her social security number does not match the number listed by

3

Defendant, Defendant does not own any debt owed by Plaintiff.[1]  Therefore, Plaintiff claims, "Defendant has *never* had a permissible purpose under the Act to access Plaintiff's credit information."  (DE 16 at ¶ 20) (emphasis in original).

## II.     Legal Standard

It is well-settled that in ruling on a Rule 12(b)(6) motion to dismiss, a federal court must view the complaint in the light most favorable to the plaintiff and assume "all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citation omitted); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007); *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002).  In considering a motion to dismiss, it is necessary to assess the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," but one must also keep in mind that such a short and plain statement "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted); *Watts*, 495 F.3d at 1295.

Under the *Twombly* standard, factual allegations in a complaint need not be overly detailed, but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555

---

[1] Plaintiff's Complaint does not allege that Plaintiff never had a CitiBank account with the account number identified in Defendant's letter or that the last four digits of the social security number provided by Defendant are not the last four digits of Plaintiff's social security number.  Therefore, such factual assertions will not be considered, as the Court's review is "limited to the four corners of the complaint" and any documents referred to in the Complaint which are central to the claim.  *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

(internal citations omitted). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, 550 U.S. at 556). This does not mean to say that a plaintiff must establish a probability of prevailing on a particular claim, but rather, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of a required element. *Id.* at 1296 (quoting *Twombly*, 550 U.S. at 556). "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [an element] plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556).

Further, in ruling on a motion to dismiss, the Court may consider the full text of documents referenced in, or central to, the allegations of the complaint. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). If an allegation in a complaint is based on a writing and the writing contradicts the allegation, the writing controls. *See Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). [2]

### III. Discussion

#### A. *Statute of Limitations*

The statute of limitations for claims under the FCRA is found in 15 U.S.C. § 1681p, which provides:

---

[2] Decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding precedent on courts in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–
>
> > (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> >
> > (2) 5 years after the date on which the violation that is the basis for such liability occurs.

*Id.* There does not appear to be a dispute that Defendant accessed Plaintiff's credit information (the alleged violation and basis for liability) on November 18, 2008. Thus, because Plaintiff filed suit on September 5, 2012, subsection (2) does not preclude suit.

However, a question remains as to the "date of discovery" by Plaintiff of the alleged violation. As noted above, Defendant argues that the two-year statute of limitations bars this action because Plaintiff discovered Defendant's alleged FCRA violation on August 4, 2010, when the credit report was supposedly sent to Plaintiff's attorney in another matter. Alternatively, Defendant argues because § 1681p(1) "is based on the discovery of the violation, a constructive discovery requirement is imposed and the claim is barred if it could have been discovered within two years of the violation." (DE 3-1 at 5) (citing *Drew v. Equifax*, 690 F.3d 1100 (9th Cir. 2012)).

Viewing the facts in the Complaint in the light most favorable to Plaintiff and taking all allegations in the Complaint as true, Defendant's timeliness claim is due to be denied. The Plaintiff has alleged that she only discovered the alleged violation on or about July 13, 2012, and Defendant has provided no binding precedent, nor has the Court found any, indicating that knowledge by Plaintiff's attorney in another matter starts the clock for the FCRA limitations period. Moreover, the Court has no knowledge of the context in which Plaintiff's attorney received the credit report. Further, limiting its determination to the Complaint and its attachments, the Court cannot make a

finding at this juncture that Plaintiff could have discovered the alleged violation within the limitations period.

  B.  *Permissible Purpose*

To establish a FCRA claim of willful or negligent[3] misuse or acquisition of a consumer report, a plaintiff must adequately allege each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state. *Pinson v. Monarch Recovery Mgmt., Inc.*, No. 12-80840-CIV, 2013 WL 961308, at *3 (S.D. Fla. Mar. 12, 2013) (citing *Shephard-Salgado v. Tyndall Fed. Credit Union*, No. 11-0427-WS-B, 2011 WL 5401993, at *3 (S.D. Ala. Nov. 7, 2011)).

Under the FCRA, a consumer reporting agency may furnish a consumer report to a third party for specified permissible purposes. *See* 15 U.S.C. § 1681b. For example, a report may be provided "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review of collection of an account of the consumer." *Id*. § 1681b(a)(3)(A). In other words, this provision of the FCRA permits a debt collector to request a credit report if it uses the report to review an account. *See Levine v. World Fin. Network Nat. Bank*, No. 1:04–CV–1283–BBM, 2004 WL 5545033, at * 2 (N.D. Ga. Nov.8, 2004), *rev'd and remanded on other grounds*, 437 F.3d 1118 (11th Cir.2006) (citing *Dumas v. City of Chicago*, No. 99–C–5436, 2000 WL 91921, at *1 (N.D. Ill. Jan. 19, 2000)). "[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without

---

[3]The FCRA authorizes consumers to bring private suits for willful or negligent violations. *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1306 & n.2 (11th Cir. 2009); *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009).

violating the FCRA." *Korotki v. Attorney Svcs. Corp. Inc.*, 931 F. Supp. 1269, 1276 (D. Md. 1996).

Contrary to Plaintiff's conclusory allegations in the Complaint that Defendant had no permissible purpose to access her credit history, the letters attached to the Complaint clearly indicate that Defendant had reason to believe it had a permissible purpose – to collect a debt – to access Plaintiff's credit history. Also, the letters demonstrate that Defendant is in the business of debt collection, and debt collection agencies are permitted to obtain a consumer's credit report if doing so for the purposes of collecting a debt. *See* 16 U.S.C. § 1681b(a)(3)(A). Indeed, there is no FCRA violation even where a defendant has made a good faith mistake in pulling a consumer report. *See Shah v. Collecto, Inc.*, No. Civ.A.2004-4059, 2005 WL 2216242, at *12 (D. Md. Sept. 12, 2005) ("The fact that the debt was not owed in this case is . . . immaterial."); *Beckstrom v. Direct Merchant's Credit Card Bank*, No. Civ.04-1351 ADM/RLE, 2005 WL 1869107, at *3 (D. Minn. Aug. 5, 2005) ("Although it was later discovered that Plaintiff did not own the 6269 account, the FCRA is not violated if the entity seeking the credit report made a good faith error in pulling the report.").

Further, Plaintiff's allegations that she never applied to Defendant for credit and that she does not maintain an account of any type with Defendant, (*see* DE 1-1 at ¶¶ 11, 12), fails to establish that Defendant's activities were impermissible. "[I]t is not necessary for Plaintiff to have had direct dealings with Defendant" in order for Defendant to lawfully obtain a consumer report. *Hinkle v. CBE Grp.*, No. CV 311-091, 2012 WL 681468, at *3 (S.D. Ga. Feb. 3, 2012). Given that the letters attached to the Complaint indicate that Defendant obtained Plaintiff's credit report "in conjunction with its collection activities," Defendant acted with a permissible purpose under the FCRA. *Id.*; *see also* 15 U.S.C. § 1681b(a)(3)(A).

Accordingly, Plaintiff's Complaint is deficient because it fails to adequately allege that Defendant (1) lacked a "permissible purpose" in accessing her credit report, and (2) acted with the specified culpable mental state.

### IV.    Conclusion

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 3) is **GRANTED IN PART AND DENIED IN PART**.  To the extent the Motion argues that Plaintiff's claim is time-barred, the Motion is **DENIED**.  To the extent that the Motion argues that Defendant had a permissible purpose to access Plaintiff's credit history, the Motion is **GRANTED**.  The Court will allow Plaintiff **ten (10) days to amend the Complaint** should she have facts supporting each element of a cause of action under the FCRA.  If Plaintiff does not amend her Complaint within fifteen (15) days, this case will be dismissed with prejudice and closed.

**DONE AND ORDERED** at Chambers in West Palm Beach, Florida, this 8th day of April, 2013.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record